FILED

2016 Sep-13  AM 08:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

SAMMY EDWARD SIMPSON, II,          )
                                   )
 Plaintiff,                        )
                                   )
v.                                 )
                                   )
STATE OF ALABAMA                   )          4:13-cv-01450-SGC
DEPARTMENT OF HUMAN                )
RESOURCES, DEKALB COUNTY           )
DEPARTMENT OF HUMAN                )
RESOURCES, ETOWAH COUNTY           )
DEPARTMENT OF HUMAN                )
RESOURCES, JEFFERSON               )
COUNTY DEPARTMENT OF               )
HUMAN RESOURECS, MARSHALL          )
COUNTY DEPARTMENT OF               )
HUMAN RESOURCES, St. CLAIR         )
DEPARTMENT OF HUMAN                )
RESOURCES, ETOWAH                  )
COUNTY DEPARTMENT OF               )
HUMAN RESOURCES, DENISE RAINS,     )
(the director of DEKALB COUNTY     )
DHR), JANE BONDS ( a DEKALB County )
DHR supervisor), and CHERRI        )
PILKINGTON (the director of        )
St. Clair County DHR).             )

Defendants.

## "SECOND AMENDED COMPLAINT"

COMES NOW Sammy Edward Simpson II, *pro se*, in the above-styled matter and

submits the **SECOND AMENDED COMPLAINT** for the defendants, STATE OF

ALABAMA DEPARTMENT OF HUMAN RESOURCES, DEKALB COUNTY

DEPARTMENT OF HUMAN RESOURCES, ETOWAH COUNTY DEPARTMENT

OF HUMAN RESOURCES, JEFFERSON COUNTY DEPARTMENT OF HUMAN

RESOURECS, MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES,

St. CLAIR DEPARTMENT OF HUMAN RESOURCES, DENISE RAINS (the director

of DEKALB COUNTY DHR), JANE BONDS ( a DEKALB County DHR supervisor),

and CHERRI PILKINGTON (the director of St. Clair County DHR).

## I.   JURISDICTION

1.   This action is brought pursuant to the Rehabilitation Act of 1973, as amended, 29
     U.S.C.A. § 791, § 794, § 794(a)2, 28 U.S.C.A §1343(4) and 34 C.F.R. 100.7(e).
     Venue is proper pursuant to 28 U.S.C. § 1391.

2.   Plaintiff has fulfilled all conditions precedent to the institution of this action under
     29 U.S.C. § 794 et seq. in that all of the actions complained of occurred within two
     years of filing the complaint.

3.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42
     U.S.C. § 2000e-2(a), using both disparate treatment and disparate impact theories.

4.   This suit is authorized and instituted pursuant to 42 U.S.C. § 1983.

5.   This is a suit authorized and instituted pursuant to the Fourteenth Amendment to the
     Constitution of the United States, jurisdiction being 28 U.S.C.A. § 1331 and 28
     U.S.C.A. § 1343(a)(4). Venue is proper pursuant to 28 U.S.C. § 1391.

6.   This is a suit authorized and instituted pursuant to Ex parte Young doctrine, 209 U.S

2

123 (1908), 28 U.S.C. § 2201. Venue is proper pursuant to 28 U.S.C. § 1391.

7.    Accordingly, In Alabama, the general statue of limitation for personal injury is two
      years Ala.Code § 6-2-38(1).

## II. **PARTIES**

8.    Plaintiff, Sammy Edward Simpson II, is a citizen of the United States and a
resident of Alabama. The plaintiff has been diagnosed with Bi-Polar from UAB. The
Plaintiff has been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD")
and a Special Learning disoder ("SLD") from Alabama Department of Vocational
Services and his past county school system. The Plaintiff has documentation that he is
Cherokee Indian of the Echota Tribe. The Plaintiff is an individual with a disability in
which that mental impairment substantially limits his ability to work, he has a record of
such impairment, and he is an quailfied individual with a disabilty. The Plaintiff is in a
protected class due to him being Native American, he has a record of such class, and has
been discriminted against in a failure to be hired for being in that protected class. The
Alabama Dept. of Human Resourses e.t al perceives the Plaintiff to have a disabilty and
the defendants' actually knows he has the diability from the multiple lawsuits filed agaisnt
them and through retaliation for the previous lawsuits and discrimination is why the
defendants have failed to hire him by that spectum.

9.    Defendant, STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES
is a recipient of federal funding and is a employer pursuant to §504 of the Rehabialtion

3

Act of 1973.

10. Defendant, STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, is a governmental enity subject to suit under 42 U.S.C. § 1983 and the Fourteenth Admendment to the Constitution of the United States.

11. Defendant, STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, is a governmental enity subject to suit under Title VII of the Civil Rights Act of 1964 using both disparate treatment and disparate impact theories.

12. Defendant, DEKALB COUNTY DEPARTMENT OF HUMAN RESOURCES is a recipient of federal funding and is a employer pursuant to § 504 of the Rehabialtion Act of 1973.

13. Defendant, DEKALB COUNTY DEPARTMENT OF HUMAN RESOURCES, is a governmental enity subject to suit under 42 U.S.C. § 1983 and the Fourteenth Admendment to the Constitution of the United States.

14. Defendant, DEKALB COUNTY DEPARTMENT OF HUMAN RESOURCES, is a governmental enity subject to suit under Title VII of the Civil Rights Act of 1964 using both disparate treatment and disparate impact theories.

15. Defendant, ETOWAH COUNTY DEPARTMENT OF HUMAN RESOURCES, is a recipient of federal funding and is a employer pursuant to §504 of the Rehabialtion Act of 1973.

16. Defendant, ETOWAH COUNTY DEPARTMENT OF HUMAN RESOURCES, is a governmental enity subject to suit under 42 U.S.C. § 1983 and the Fourteenth Admendment to the Constitution of the United States.

17. Defendant, ETOWAH COUNTY DEPARTMENT OF HUMAN RESOURCES, is

4

a governmental enity subject to suit under Title VII of the Civil Rights Act of 1964 using both disparate treatment and disparate impact theories.

18.   Defendant, JEFFERSON COUNTY DEPARTMENT OF HUMAN RESOURECS, is a recipient of federal funding and is a employer pursuant to §504 of the Rehabialtion Act of 1973.

19.   Defendant, JEFFERSON COUNTY DEPARTMENT OF HUMAN RESOURECS, is a governmental enity subject to suit under 42 U.S.C. § 1983 and the Fourteenth Admendment to the Constitution of the United States.

20.   Defendant, JEFFERSON COUNTY DEPARTMENT OF HUMAN RESOURECS, is a governmental enity subject to suit under Title VII of the Civil Rights Act of 1964 using both disparate treatment and disparate impact theories.

21.   Defendant, MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES, is a recipient of federal funding and is a employer pursuant to §504 of the Rehabialtion Act of 1973.

22.   Defendant, MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES, is a governmental enity subject to suit under 42 U.S.C. § 1983 and the Fourteenth Admendment to the Constitution of the United States.

23.   Defendant, MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES, is a governmental enity subject to suit under Title VII of the Civil Rights Act of 1964 using both disparate treatment and disparate impact theories .

24.   Defendant, St. CLAIR DEPARTMENT OF HUMAN RESOURCES is a recipient of federal funding and is a employer pursuant to §504 of the Rehabialtion Act of 1973.

25.   Defendant, St. CLAIR DEPARTMENT OF HUMAN RESOURCES, is a

5

governmental enity subject to suit under 42 U.S.C. § 1983 and the Fourteenth
Admendment to the Constitution of the United States.

26.    Defendant, St. CLAIR DEPARTMENT OF HUMAN RESOURCES, is a
governmental enity subject to suit under Title VII of the Civil Rights Act of 1964 using
both disparate treatment and disparate impact theories.

27.    Defendant, DENISE RAINS (the director of DEKALB COUNTY
DHR), is subject to suit under the Ex Parte Young Doctrine.

28.    Defendant, DENISE RAINS (the director of DEKALB COUNTY
DHR), and by virtue of such position is responsible for the administration of the program.
In committing the discriminatory employment practices alleged herein, Rains was acting
under color of state law for purposes of 42 U.S.C. § 1983. She is sued in her offical
capacity pursuant to 42 U.S.C. § 1983 and the 14th Amendment to the United States
Constitution, for prospective injuctive relief, and in her individual capacity for all other
damages flowing from the discriminatory act alleged herein.

29.    Defendant, JANE BONDS ( a DEKALB County DHR supervisor), is subject to
suit under the Ex Parte Young Doctrine.

30.    Defendant, JANE BONDS ( a DEKALB County DHR supervisor), and by virtue
of such position is responsible for the administration of the program. In committing the
discriminatory employment practices alleged herein, Bonds was acting under color of
state law for purposes of 42 U.S.C. § 1983. She is sued in her offical capacity pursuant to
42 U.S.C. § 1983 and the 14th Amendment to the United States Constitution for
prospective injuctive relief, and in her individual capacity for all other damages flowing
from the discriminatory act alleged herein.

6

31.    Defendant, CHERRI PILKINGTON (The director of St. Clair County DHR), is
subject to suit under the Ex Parte Young Doctrine.

32.    Defendant, CHERRI PILKINGTON (The director of St. Clair County DHR), and
by virtue of such position is responsible for the administration of the program. In
committing the discriminatory employment practices alleged herein, PILKINGTON was
acting under color of state law for purposes of 42 U.S.C. § 1983. She is sued in her
offical capacity pursuant to 42 U.S.C. § 1983 and the 14th Amendment to the United
States Constitution for prospective injuctive relief  and in her individual capacity for all
other damages flowing from the discriminatory act alleged herein.

## III.    FACTUAL ALLAGATIONS

33.    Plaintiff adopts and realleges paragrahs one through 32 above, as though fully set
herein.

34.    Plaintiff, Sammy Edward Simpson II, is a licensed Bachelor social worker in the
State of Alabama. Simpson holds a bachelors degree in social work from Jacksonville
State University. Simpson additionally has 15 graduate hours towards sepecial education.

35.    Simpson is diagnoised Bi-polar from UAB. Simpson additionally, has been
diagnoised with ADHD and SLD (slow special learning disabillity) and has an IEP from
grade school. These disabilities Simpson's has show: a.) he is substantially limited in one
or more life activies, b.) he has record of a record of such disabilities'  and c.) he is a
"qualified individual" with a disability. And most importantly Simpson can perform the
essential duties of the job despite his disability conditions.

36.    Beginning in December 2004 and continuing to present Simpson has Applied for
positions with the State of Alabama DHR et.al with all defendants in the instant lawsuit.

7

37.    Simpson specifically from October 7, 2011 to all dates under the time statutes governing the instant law suit was on the register for the defendants counties named in this instant lawsuit.

38.    To date, Simpson has not been hired by the State of Alabama DHR, Dekalb County DHR, Etowah County DHR, Jefferson County DHR, Marshall County DHR, St. Clair County DHR, Denise Rains, Jane Bonds and Cherri Pinkington (collectively referred to as the Defendants).

39.    Simpson is a member of the Echota Cherokee Tribe.

40.    Simpson passed his social work licensure exam in November 2005, and achieved the Phi Alpha Social work Honor Society, apparently the highest award a social worker can achieve previously said from a Federal Judge.

41.    Simpson since 2006 has filed approxmatily five federal law suits under Section 504 of the Rehabilitation Act for Retailation and Discrimination naming various DHR counties and the named counties previously are all defendant's in this lawsuit less the individuals.

## STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES

42.    Before the instant lawsuit was filed and now out of the 2 year statue limitation governed by this court, Simpson wrote Alabama State Personel requesting what counties had hired for the 50248 postion, which is the DHR bachelor social worker job, that corespondance for a brief time resulted in get what counties had hired for this position, later Tera Knee in the state legal department circumsitantly was told not to send Simpson any more correspondance of the counties hiring results, and Simpson was told any futher request would take a supeona and futher, EEOC wants someone was hired, therfore it

8

takes a lawsuit just to find out who the defendants' have hired.

43.    In good faith, Simpson belives defendant STATE OF ALABAMA

DEPARTMENT OF HUMAN RESOURCES, has in fact hired for the 50248 position in

which Simpson was applied for and on the register for at the time.

44.    In good faith, Simpson belives defendant STATE OF ALABAMA

DEPARTMENT OF HUMAN RESOURCES, has hired less qualified applicants.

a.)    Hiring a less qualified person can support an inference of discriminatory motivation. See Alexander
v. Fulton County, 207 F.3d 1303, 1340 (11th Cir. 2000) ("both the Supreme Court and this court have
observed that evidence showing an employer hired a less qualified applicant over the plaintiff may be
probative of whether the employer's proffered reason for not promoting plaintiff was pretextual"); Walker v.
Mortham, 158 F.3d 1177, 1190 (11th Cir. 1998) ("The fact that a court may think that the employer
misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although
this may be probative of whether the employer's reasons are pretexts for discrimination." (internal marks,
emphasis and citation omitted)).

b.)    It is not impossible to show pretext by asserting superior qualifications[.] Tippie v.
Spacelabs Med., Inc., 180 Fed.Appx. 51, 55 (11th Cir.2006);.

45.    Simpson in good faith believs his failure to be interviewed by the defendant

STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, is retaliation

under Section 504 of the Rehabilitation Act for the lawsuits he has filed against this

defendant.

46.    Simpson in good faith believes the defendant STATE OF ALABAMA

DEPARTMENT OF HUMAN RESOURCES, has not hired him because of his protected

class. (Native American).

47.    Simpson has material fact STATE OF ALABAMA DEPARTMENT OF HUMAN

RESOURCES, knew of Simpson's race. (Native American).

48.    Simpson alleges STATE OF ALABAMA DEPARTMENT OF HUMAN

RESOURCES has not hired him because of raical discrimination.  (Native American).

9

49.    Simpson believes the defendant STATE OF ALABAMA DEPARTMENT OF

HUMAN RESOURCES has not hired him because of his disability under Section 504 of

the Rehabilitation Act , known to this defendant, and the decision maker of this county.

**DEKALB COUNTY DEPARTMENT OF HUMAN RESOURCES AND**

**INDIVIDUALLY DENISE RAINS**

50.    Simpson was interviewed in Dekalb County DHR for a 50248 social work position

on January 13, 2013.

51.    Simpson on January 30, 2013 recieved a letter from Denise Rains the Dekalb

County DHR Director stating Simpson was not selected for the position and the decision

was hard to make.

52.    Denise Rains was the conductor and the ultimate decison maker from the interview

with Simpson on January 13, 2013.

53.    Denise Rains gave a deposition in December 2007, concerning Simpson disability

discrimination lawsuit under Section 504 of the Rehabilitation Act as a Dekalb County

DHR supervisor then.

54.    During this January 13, 2013 interview, Simpson was asked by Rains incomplete,

fragmented, personal interview questions for the postion to make the question or

questions not understandable and "unintelliable" for Simpson.

55.    To illustrate personal questions that Simpson was asked during the January 13,

2013 with Denise Rains, was one do you Simpson get everything right the first time and

polittely Simpson ask "Mrs Rains do you get everything right the first time"? director

Rains bites out with " I must I am the one asking the questions", circumsubtainlly

Simpson believes Rains was referring to the 2006 disability lawsuit.

10

56.    During the January 13, 2013 interview, Denise Rains made inappropriate disruptive Indian howls after Simpson answered questions if that was even possible from the questions even being answerable since they were incompleted and fragmented.

57.    Simpson alleges refering to the January 30, 2103 letter sent from Denise Rains, the Dekalb County DHR director, that the letter was sent in discrimanationatory and retailationatory mockery, by that letter stating' the position was filled and a decision was to make due to the so qualified applicants and come back next time we want to interview you again.

58.    Simpson alleges that January 2013 letter to be a mockery, because after Rains' depostion, the EEOC charges, the lawsuits' and documents Simpson gave Rains at the end of the January 2103 interview was nothing except a mockery to legal language of the word "more qualified" a legal term Rains had read time and time again over since that was the first letter to be written like that.

59.    Simpson gave Denise Rains at the (close) of the interview copies of him being disccriminated against in 2004 concerning the fileld placement from his Jacksonville State University social work program where those documents showed how Simpson could not do his field placement with Etowah County DHR due to the "type of medication" he then took back then (Geodon). Simpson has been told from these defendants over and over those who did their field placement with DHR are 1.) in fact paid more 2.) stay and 3.) in fact given preference at all DHR postions. It is hard to do that when Simpson since the begining at graduation from JSU in 2004 has been segerated from "full participation in their program" in which this same federal goverment supplies funding to these defendants.

11

60.     Simpson on Febuary 4, 2013 filed an EEOC charge of Retaliation and

Discrimination against Dekalb County DHR. pla. Exhibit. 3 and 4.

61.     Simpson believes Denise Rains hired a less qualified appilicant.

62.     Simpson alleges Rains did not hire him because of disability discrimination under

Section 504 of the Rehabilitation Act.

63.     Simpson has material fact that Denise Rains was aware of Simpson's disability.

64.     Simpson has material fact that Denise Rains was the decison maker in his failure to

be hired and was aware of Simpson's lawsuits including his disabilities.

65.     Simpson alleges Denise Rains did not hire Simpson him out of Retalilation under

Section 504 of the Rehabilitation Act for Retaliation and one of the the "causal

causations" being the lawsuits.

66.     Simpson alleges Rains did not hire Simpson because of his protected class. (Native

American).

67.     Simpson was on the register and had applied for a postion with Dekalb County

DHR during an approximate period of two-years in October 2011.

68.     Simpson belives Dekalb county DHR hired a less qualified appilicant.

69.     Simpson alleges Dekalb county DHR did hire not him out of Retaliation under

Section 504 of the Rehabilitation Act.

70.      Simpson alleges Dekalb county DHR did hire not him because of disability

discrimination under Section 504 of the Rehabilitation Act.

71.     Simpson believes Dekalb county DHR hired outside of the plaintiff's protected

class. (Native American).

72.     Simpson filied with EEOC a charge of Native American race discrimination

12

against Dekalb County DHR on March 6, 2013. pla. Exhbit 1 and 2.

73.    Simpson has material fact Denise Rains knew of Simpson's race. (Native American).

74.    Simpson has material fact that Dekalb County DHR knew Simpson's race. (Native American).

75.    Simpson alleges Rains failed to hire him because of racial discrimination. (NativeAmerican).

76.    Simpson alleges Dekalb county DHR failed to hire him because of racial discrimination. (Native American).

77.    Simpson alleges Denise Rains has deprived him of his Consitutional 'right to work' under the Fourteenth Amendment to the Constitution of the United States.

78.    Simpson has material fact the he has sued Dekalb County DHR.

79.    Simpson asserts Denise Rains is not enilited to Qualified Immunity.

### ETOWAH COUNTY DEPARTMENT OF HUMAN RESOURCES

80.    Simpson's records indicate that he was on the Etowah County DHR register for an approximately two - year period in October 2011.

81.    Simpson beleives in good faith that Etowah County DHR has interviewed and not included Simpson in those interviews out of Retailation under Section 504 of the Rehabilitation ACT.

82.    Simpson in good faith belives Etowah county DHR has hired a less qualified appilicant.

83.    Simpson in good faith belives Etowah county DHR has not hired him because of

his protected class.(Native American).

84.    Simpson has material fact Etowah county DHR knew of Simpson's race. (Native American).

85.    Simpson alleges Etowah county DHR failed to hire him because of racial discrimination. (Native American).

86.    Simpson in good faith belives Etowah county DHR has not hired him because of his disabilites' under Section 504 of the Rehabilitation Act.

87.    Simpson in good faith believes Etowah county DHR has not hired him because of Retaliation under Section 504 of the Rehabilitation due to the lawsuits filed against Etowah county DHR.

88.    Simpson in November 2006 sued Etowah county DHR for disability discrimination under Section 504 of the Rehabilitation Act in federal court.

89.    Simpson again sued Etowah county DHR in November 15, 2010 for Retaliation under Section 504 of the Rehabilitation Act in federal court.

## JEFFERSON COUNTY DEPARTMENT OF HUMAN RESOURCES

90.    Simpson sued Jefferson county DHR in November 2006 for disability discrimination under Section 504 of the Rehabilitation Act in federal court.

91.    Simpson November 15, 2010 resued Jefferson county DHR for Retaliation under Section 504 of the Rehabilitation Act in federal court.

92.    Simpson again resued Jefferson county DHR on July 16, 2012 for Retaliation and and Discrimnation under Section 504 of the Rehabilitation Act in federal court.

93.    Simpson has material fact that many decison makers with Jefferson county DHR know of his disabilities.

14

94.    Simpson has material fact that many decision makers with Jefferson county DHR know of Simpson's protected activity (the lawsuits).

95.    Simpson was on the Jefferson county register during an approxmiate two year period during October, 7 2011.

96.    Simpson alleges Jefferson county DHR has hired for the position in which he applied for.

97.    Simpson alleges Jefferson county DHR has hired outside his protected class. (Native American).

98.    Simpson in good faith believs his failure to be interviewed by the defendant Jefferson county DHR, is Retaliation under Section 504 of the Rehabilitation Act for the lawsuits he has filed against Jefferson county DHR.

99.    Simpson alleges Jefferson county DHR has not hired him due to racial discrimination. (Native American).

100.    Simpson has material fact that Jefferson county DHR knew of his protected class. (Native American).

101.    Simpson in good faith belives Jefferson county DHR has not hired him because of his disabilites' under Section 504 of the Rehabilitation Act.

102.    Simpson in good faith belives Jefferson county DHR has not hired him because of Retaliation under Section 504 of the Rehabilitation due to the lawsuits filed against Jefferson county DHR.

## MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES

103.    Simpson filed a lawsuit against Marshall County DHR in Novemeber 2006 for disability discrimination under Section 504 of the Rehabilitation Act in federal court.

15

104.    Simpson again Novemeber 15, 2010 filed a lawsuit for Retaliation under Section
504 Rehabilitation Act in federal court against Marshall County DHR.

105.    Again Simpson on July 16, 2012  filed a disability discrimination and retaliation
lawsuit under Section 504 of the Rehabilitation Act in federal court against Marshall
county DHR.

106.    In good faith, Simpson belives defendant  Marshall County DHR, has in fact
hired for the position in which Simpson was applied for and on the register for at the
time.

107.    Simpson was on the Marshall county DHR register during an approxmiate two
year period during October, 7 2011.

108.    Simpson in good faith belives Marshall county DHR has not hired him because of
Retaliation under Section 504 of the Rehabilitation due to the lawsuits filed against
Marshall county DHR.

109.    Simpson in good faith believs his failure to be interviewed by the defendant
Marshall county DHR, is Retaliation under Section 504 of the Rehabilitation Act for the
lawsuits he has filed against this defendant.

110.    Simpson has matieral fact that many decision makers with Marshall county DHR
know of Simpson's protected activity (the lawsuits).

111.    Simpson has matieral facts that many decison makers with Marshall county DHR
know of his disabilities.

112.    Simpson alleges Marshall county DHR has hired outside his protected class.
(Native American).

113.    Simpson has material fact that Marshall county DHR knew of his protected class.

16

(Native American).

114.  Simpson in good faith belives Marshall county DHR has not hired him because of his disabilites' under Section 504 of the Rehabilitation Act.

115.  Simpson in good faith alleges Marshall county DHR has not hired him due to racial discrimination. (Native American).

# St. CLAIR DEPARTMENT OF HUMAN RESOURCES AND INDIVIDUALLY CHERRI PILKINGTON (the director of St. Clair County DHR).

116.  Simpson filed a lawsuit against St. Clair county DHR on July 16, 2012 for Retaliation and disability discrimination under Section 504 of the Rehabilitation Act in federal court.

117.  Simpson filed an EEOC charge of Native American race discrimination against St. Clair county DHR on March 6, 2013. pla. Ehxhit 5.

118.  Simpson's records indicate he was on the St. Clair county DHR register for a two-years period in October 7, 2011.

119.  CHERRI PILKINGTON, is employed with St. Clair County Department of Human Resources.

120.  CHERRI PILKINGTON, is the county director of the St. Clair County Department of Human Resources.

121.  CHERRI PILKINGTON, is the ultimate decison maker for St. Clair County Department of Human Resources.

122.  Simpson was not hired with St. Clair County DHR around July 23, 2011.

123.  Simpson's July 23, 2011 interview with St. Clair county Department of Human Resources was conducted with CHERRI PILKINGTON.

17

124.  Out of 63 applicants, Simpson was the only Native American on the St. Clair County DHR register in June or July 2011 where Amanda Johnson was hired and Simpson was not hired.

a.)  The four-fifths, or 80 percent, rule provides: A selection rate for any race . . . which is less than four-fifths (4/5) (or eighty percent) of the rate for the group with the highest rate will generally be regarded by the Federal enforcement agencies as evidence of adverse impact, while a greater than four-fifths rate will generally not be regarded by Federal enforcement agencies as evidence of adverse impact. 29 C.F.R. Â§ 1607

125.  Amanda Johnson was hired by CHERRI PILKINGTON, Johnson who is white and had two criminal convictions. (assault in 2009 and falsifying information to law enforcement in 2001).

126.  Simpson presented to CHERRI PILKINGTON before Amanda Johnson was hired a professional recomendation in letter form from a Jacksonville State University social work professor and other letters as well from the social work commuinty giving Simpson positive recomendations.

127.  Simpson was more academically qualified than Amanda Johnson who was hired by CHERRI PILKINGTON for the St. Clair County social work position around June or July 2011.

128.  CHERRI PILKINGTON had no non-discrimatory reason why Simpson was not hired, and what CHERRI PILKINGTON pre pro-offered here so far as the reason she hired Johnson over Simpson is actually less than what Simpson presented himself, specifically refering to a professor's recomendation, Simpson having more education, and Simpson on a personel appearance with no criminal conivitions.

129.  CHERRI PILKINGTON conducted the St. Clair Couny DHR interview which

18

hired Amanda Johnson and failed to hire Simpson around June or July 2011.

130.   Simpson has never filed a lawsuit naming CHERRI PILKINGTON.

131.   Simpson filed this instant lawsuit aginst Cherri Pinkington for race discrimination before the final judgement in the 2012 Section 504 of the Rehibilitation Act lawsuit naming St. Clair county.

132.   Simpson has never filed a lawsuit for Native American race discrimination againt Cherri Pinkington, St. Clair county DHR or any other named defendant unitil this instant lawsuit.

133.   CHERRI PILKINGTON knew of Simpson's protect class. (Native American).

134.   CHERRI PILKINGTON hired an individual who was not in a protected class over Simpson.

135.   CHERRI PILKINGTON hired a less qualified applicant over Simpson.

136.   Simpson alleges CHERRI PILKINGTON has deprived him of his Consitutional "right to work" under the Fourtheent Amendment to the Consition of the United States.

137.   Simpson asserts CHERRI PILKINGTON  is not entitled to Qualified Immunity.

**INDIVIDUALLY JANE BONDS ( a DEKALB County DHR supervisor)**

138.   Jane Bond was one of three individuals who interviewed Simpson at Dekalb county DHR on January 13, 2013.

139.   Jane Bonds was a decision maker in not hiring Simpson from the interview at Dekalb county DHR on January 13, 2013.

19

140.    Simpson filied with EEOC a charge of Native American race discrimination against Dekalb County DHR on March 6, 2013. pla. Exhbit 1 and 2 .

141.    Simpson on February 4, 2013 filed an EEOC charge of Retaliation and Discrimination against Dekalb County DHR. pla. Exhibit. 3 and 4.

142.    On March 22, 2013 Jane Bonds cut in front of the aggrevied plantiff and tries to run the aggreived plaintiff of the road, had the window down in freezing temperture, apparently throwing or cursing at Simpson from her black Nissan SUV.

a.) The scope of the anti-retaliation provison extends beyond the workplace-related or employment-related retaliatory acts and harm. (*BURLINGTON NORTHERN & SANTA FE RAILWAY CO. v. WHITE U.S. Suspreme Court 2006.*)

143.    Jane Bonds is being sued in her individual capacity under both Section 1983 and the Fourteenth Amendmend with the causual caustion "link" being the EEOC charge against Dekalb county DHR had been in play two-months.

144.    Simpson asserts Jane Bonds is not enilited to Qualified Immunity.

145.    Simpson allges Jane Bonds did not hire Simpson due to his protected class. (Native American.)

146.    Simpson alleges Jane Bonds did not hire him because of his real or precieved disability.

147.    Simpson alleges Jane Bonds has deprived him of his Consitutional "right to work" under the Fourteenth Amendment to the Constitution of the United States.

## IV.    CASUES OF ACTION

## A.    COUNT ONE - FAILURE TO HIRE.    STATE OF ALABAMA

DEPARTMENT OF HUMAN RESOURCES, DEKALB COUNTY DEPARTMENT OF

HUMAN RESOURCES, ETOWAH COUNTY DEPARTMENT OF HUMAN

RESOURCES, JEFFERSON COUNTY DEPARTMENT OF HUMAN RESOURECS,

MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES, St. CLAIR

DEPARTMENT OF HUMAN RESOURCES, DENISE RAINS (the director of

DEKALB COUNTY DHR), JANE BONDS ( a DEKALB County DHR supervisor), and

CHERRI PILKINGTON (the director of St. Clair County DHR).

148.    Plaintiff adopts and realleges paragrahs one through 147 above, as though fully set
herein.

149.    The Plaintiff is American Indian in a protected class as definded by Tile VII of the
Civil Rights Act of 1964.

150.    The defendants' know of the plaintiff's ethnic group. (American Indian).

151.    The plaintiff is a person with a disability as defined by the Rehabilitation Act of
1973.

152.    The Plaintiff has such a record of a disability and is a qualified individual with a
disability.

153.    The Plaintiff's disability(s) are know to the defendants real or percieved.

154.    Begining December 2004, and continuing to the present, the plaintiff has applied
for a 50248 social work position with the defendants.

155.    To date, the plaintiff has not been hired for any of the social work positions for
which he has applied.

156.    The defendants failure to hire the the plaintiff for these social work positions is
because of the plaintiff's disability, the stigma of the plaintiff's disability, and the actual

21

record of his disability of which the defendants' had actual knowledge of by nature of the previous lawsuits and depositions in said lawsuits.

157.    The failure to hire the plaintiff is pure racial discrimintion due to his American Indian ethnic group.

158.    Defendant(s), from its actions, has intentionally, mailiciously and with reckless indiffenence discriminated against Simpson because of his disability and his record of a disability in regards to hiring.

159.    Defendant(s), from its actions, has intentionally, mailiciously and with reckless indifference discriminated against Simpson because he is an American Indian in regards to hiring.

**B.    COUNT TWO - FAILURE TO INTERIVEW.**    STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, DEKALB COUNTY DEPARTMENT OF HUMAN RESOURCES, ETOWAH COUNTY DEPARTMENT OF HUMAN RESOURCES, JEFFERSON  COUNTY DEPARTMENT OF HUMAN RESOURECS, MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES, St. CLAIR DEPARTMENT OF HUMAN RESOURCES, DENISE RAINS (the director of DEKALB COUNTY DHR), JANE BONDS ( a DEKALB County DHR supervisor), and CHERRI PILKINGTON (the director of St. Clair County DHR).

160.    Plaintiff adopts and realleges paragrahs one through 159 above, as though fully set herein.

161.    All defendents' have made Simpson gaining a social work position impossible by not notifing him to interview.

22

162.    Simpson strongly alleges regarding the counties of: STATE OF ALABAMA
DEPARTMENT OF HUMAN RESOURCES, ETOWAH COUNTY DEPARTMENT
OF HUMAN RESOURCES, JEFFERSON COUNTY DEPARTMENT OF HUMAN
RESOURECS, and MARSHALL COUNTY DEPARTMENT OF HUMAN
RESOURCES, have in fact hired and excluded Simpson from those interview
opportunties.

163.    Simpson alleges this failure - to - interview him is due in part to the Lawsuits
Simpson brought against these defendants, futher, not excluding St. CLAIR county DHR
and DEKALB county DHR for which these counties may have in fact hired more for the
50248 social work position than Simpson is aware of.

164.    Simpson alleges this failure - to - interview him is due in part to these counties,
which are defendants, decision makers knowing of his disability'(s) and therefore
excluded him from full participation in any interview opportunties because of his
disability'(s).

165.    Simpson alleges this failure - to - interview him is due in part to Simpson's ethnic
background (Native American) which all defendants would have been aware of,
therefore, Simpson asserts his was excluded form interviews because of his race (Native
American) a protected class which is defined under Title VII of the Civil Rights Act of
1973.

166.    Defendant(s), from its actions, has intentionally, maliciously and with reckless
indifference have failed to interview Simpson therefore have made Simpson getting hired
impossible due to his race, disabilty(s), and litigation.

23

**C.   COUNT THREE - RETALIATION.**   STATE OF ALABAMA
DEPARTMENT OF HUMAN RESOURCES, DEKALB COUNTY DEPARTMENT OF
HUMAN RESOURCES, ETOWAH COUNTY DEPARTMENT OF HUMAN
RESOURCES, JEFFERSON  COUNTY DEPARTMENT OF HUMAN RESOURECS,
MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES, St. CLAIR
DEPARTMENT OF HUMAN RESOURCES, DENISE RAINS (the director of
DEKALB COUNTY DHR), JANE BONDS ( a DEKALB County DHR supervisor), and
CHERRI PILKINGTON (the director of St. Clair County DHR).

167.    Plaintiff adopts and realleges paragrahs one through 166 above, as though fully set
herein.

168.    Simpson is an qualified individual as defined in the Rehabilition Act of 1973 and
the Amendened Act in 2009, Simpson is fully protected also through the Act's  anti-
retailation clause included in the Rehabilition Act as Amended in 2009.

169.    Since December 2004 Simpson has applied for positions with the defendants and
has not been hire, Simpson asserts these defendants have failed to hire him due to the
protected activies (lawsuits)  he engaged in challenging the defendants' hiring
proceedures using the vehcile of the Rehabilitation Act of 1973 that is now the Amended
Act of 2009.

170.    Simpson is in a protected class as defined under Title VII of the Civil Rights Act
of 1964, Simpson filed Native American race discrimation charge against the counties of
DEKALB county DHR, and St. Clair county DHR, and Title VII also prohibits employers
from retaliating against employees based on an employee's opposition to employment

discrimination or complaint of discrimination. *See* 42 U.S.C. § 2000e-3(a).

171.    Defendant(s), from its actions, has intentionally, mailiciously and with reckless indiffenence have in fact Retaliated against Simpson for the formal compliants through the courts and EEOC and in doing so have made Simpson getting hired impossible and have discouraged Simpson futher in the ligation process.

**C.    COUNT THREE - BREACH OF WRITTEN AGREEMENT.**    STATE OF ALABAMA DEPARTMENT OF HUMAN RESOURCES, DEKALB COUNTY DEPARTMENT OF HUMAN RESOURCES, ETOWAH COUNTY DEPARTMENT OF HUMAN RESOURCES, JEFFERSON  COUNTY DEPARTMENT OF HUMAN RESOURECS, MARSHALL COUNTY DEPARTMENT OF HUMAN RESOURCES, St. CLAIR DEPARTMENT OF HUMAN RESOURCES, DENISE RAINS (the director of DEKALB COUNTY DHR), JANE BONDS ( a DEKALB County DHR supervisor), and CHERRI PILKINGTON (the director of St. Clair County DHR).

172.    Plaintiff adopts and realleges paragrahs one through 171 above, as though fully set herein.

173.    Simpson being a qualified individual as defined under the Rehabilitation Act of 1973 as amended in 2009, is entitled to all of Acts clauses and Congressional Intention.

174.    Simpson has correspondaces from the defendants that those conditions would be met.

175.    Simpson claims if true would show a breach in these defendants correspondances.

**V.    PRAYER FOR RELIEF**

25

1.   Instatement to a 50248 social work position.

2.   All applicable back-pay, benefits, etc. and any possible punitive damages allowed in the law.

3.   Write a favorable **FINIAL OPINION/DECLARATORY JUDGEMENT** granting the plaintiff permanent injunction where the plaintiff can enjoy the public sector with his earned degree with this DHR enity, which would end the racial and disability discrimination, retaliation, and over a decade of litigation.

4.   Award any other relief the cause of justice may require.

Humbly Submitted,

Sammy Edward Simpson, II
P.O. BOX 72
Dawson, AL 35963
(256) 622-9852

# BENCH TRAIL DEMANDED

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2013-01356 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Sammy Simpson, II** | **(256) 622-9852** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2101 Briarwood Avenue SW, APT 506, Fort Payne, AL 35967** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **DEPARTMENT OF HUMAN RESOURCES – DEKALB COUNTY** | **500 or More** | **(334) 242-9330** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P. O. Box 304000,  Montgomery, AL 36130** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN<br>☐ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: **01-20-2013**    Latest: **01-20-2013**<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am Native American. I applied for the position of a Social Worker with the above named employer. I was interviewed for the position in Dekalb County on January 13, 2013. On January 30, 2013, I received a letter informing me that another applicant was chosen for the position.

I believe that I have been subjected to discrimination because of my race (Native American), in violation of Title VII of the Civil Rights of 1964, as amended.

Plaintiff Exhibit

1

RECEIVED

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

| Mar 06, 2013 | _Sammy Simpson II_ |
|---|---|
| Date | Charging Party Signature |

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Sammy Simpson, II<br>2101 Briarwood Avenue Sw<br>Fort Payne, AL 35967 | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street**<br>**Birmingham, AL 35205** |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2013-01356 | **Debra Powell,**<br>**Investigator** | (205) 212-2085 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Delner Franklin-Thomas,
**District Director**

MAY 0 9 2013

*(Date Mailed)*

cc:   **ALABAMA DEPT OF HUMAN RESOURCES**
c/o Larry Lynn, State Legal Representative
P.O. Box 304000
Montgomery, AL  36130

Plaintiff Exhibit
2

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 420-2013-01103 |
| | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Sammy E. Simpson, III | (256) 622-9852 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2101 Briarwood Avenue S.W, Apt. 506, Fort Payne, AL 35967 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ALABAMA DEPT OF HUMAN RESOURCES | 500 or More | (256) 844-2700 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2301 Briarwood Avenue South, Fort Payne, AL 35967 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
                            01/30/2013

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual with a disability and I filed a previous charge and subsequent lawsuit against the above named employer. The personnel individuals involved in the lawsuit are the same individuals involved in this charge. I applied for a social worker's position and I was interviewed for the position. I received a letter dated January 30, 2013, that I was not selected for the position.

I believe I was discriminated against and not selected for the position because of my previous charge, lawsuit and my disability in violation of the Americans with Disabilities Act. I have no idea who was selected for the position.

RECEIVED
EEOC

FEB - 4 2013

BIRMINGHAM DISTRICT OFFICE

Plaintiff Exhibit 3

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Feb 04, 2013          _Sammy Simpson II_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |





EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Sammy E. Simpson, III<br>2101 Briarwood Avenue S.W<br>Apt. 506<br>Fort Payne, AL 35967 | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2013-01103 | Debra Powell,<br>Investigator | (205) 212-2085 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Delner Franklin-Thomas,
District Director

MAY 0 9 2013
(Date Mailed)

Enclosures(s)

cc: **ALABAMA DEPT OF HUMAN RESOURCES**
c/o Larry Lynn, State Legal Representative
P.O. Box 304000
Montgomery, AL 36130

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2013-01358 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Sammy E. Simpson II | (256) 622-9852 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2101 Briarwood Avenue S.W, Apt. 506, Fort Payne, AL 35967 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DEPARTMENT OF HUMAN RESOURCES ST. CLAIR COUNTY | 500 or More | (334) 242-9330 |

| Street Address | City, State and ZIP Code |
|---|---|
| P.O. Box 304000, Montgomery, AL 36130 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest        Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am Native American. I applied for the position of a Social Worker with the above named employer. I was interviewed for the position in St. Clair County on or about July 2, 2012. On July 23, 2012, I received a letter informing me that another applicant was chosen for the position.

I believe that I have been subjected to discrimination because of my race (Native American), in violation of Title VII of the Civil Rights of 1964, as amended.

Plaintiff Exhibit
5

RECEIVED
EEOC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

| Mar 06, 2013 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
|---|---|
| Date          Charging Party Signature | (month, day, year) |

**DEFENDANTS' ADDRESS:**

**AlabamaDepartment of Human Resources**

**Nancy T. Buckner, Commissioner**

**50 Ripley Street**

**P O Box 304000**

**Montgomery, AL 36130-4000**


**Marshall County Department of Human Resources**

**Marcia Parker - Director**

**Street Address**
1925 Gunter Avenue
Guntersville, AL 35976

**Mailing Address**
1925 Gunter Avenue
Guntersville, AL 35976-0610


**Dekalb County Department of Human Resources**

**Cc:    Denise Raines - Director**

**Cc:    Jane Bonds**

**Street Address**
2301 Briarwood Ave South
Fort Payne , AL 35967

**Mailing Address**
PO Box 680049
Fort Payne , AL 35968-1601


**Jefferson County Department of Human Resources**

**Angela McClintock - Director**

1

**Street Address**
2001 12th Avenue North
Birmingham, AL 35234

**Mailing Address**
PO Box 11926
Birmingham, AL 35202-1926

**St. Clair County Department of Human Resources**

**Cc:    Cherri Pilkington - Director**

**Street Address**
213 Fox Hollow Boulevard
Pell City, AL 35125

**Etowah County Department of Human Resources**

**Teresa T. Sauls - Director**

**Street Address and Mailing Address**
210 Hoke Street
Gadsden , AL 35903-1705